UNITED STATES of America, Plaintiff–Appellee,

v.

Antonio MORA–GARIBAY, Defendant–Appellant.

No. 02–41140.
Conference Calendar

United States Court of Appeals, Fifth Circuit.

Aug. 20, 2003.

---

James Lee Turner, Assistant US Attorney, Julia Bowen Stern, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff-Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant-Appellant.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Antonio Mora–Garibay appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation, in violation of 8 U.S.C. § 1326. Mora–Garibay concedes that his appellate arguments are foreclosed. He nevertheless raises two issues to preserve them for possible *en banc* or Supreme Court review.

Mora–Garibay argues that the district court erred in determining that his prior state felony conviction for possession of cocaine was a "drug trafficking crime" under 8 U.S.C. § 1101(a)(43)(B) and thus an "aggravated felony" which warranted an eight-level increase in his base offense level under U.S.S.G. § 2L1.2(b)(1)(C) (2001) and 8 U.S.C. § 1326(b)(2). Mora–Garibay's argument regarding the definitions of "drug trafficking crime" and "aggravated felony" is foreclosed by *United States v. Caicedo–Cuero,* 312 F.3d 697, 706–11 (5th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1948, 155 L.Ed.2d 864 (2003). The district court did not err in sentencing Mora–Garibay under U.S.S.G. § 2L1.2(b)(1)(C) (2001) and 8 U.S.C. § 1326(b)(2).

Mora–Garibay also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is

unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Mora–Garibay's argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule that decision. *See United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). Thus, the district court did not err in sentencing Mora–Garibay under 8 U.S.C. § 1326(b).

The judgment of the district court is AFFIRMED. The motion of the Government for summary affirmance is GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.